## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIMOTHY TYRONE BYERS,<br>    Petitioner | * | |
| v. | * | Civil No. WDQ-09-2205<br>Criminal No. WDQ-04-510 |
| UNITED STATES OF AMERICA<br>    Respondent | * | |
| | * | |

*******

## **MEMORANDUM**

The Court has received Timothy Tyrone Byers's August 7, 2009 letter requesting that his sentence be modified. The Court intends to treat his pleading pursuant to 28 U.S.C. § 2255.[1] *See Emmanuel v. United States,* 288 F.3d 644, 649-50 (4th Cir. 2002) (district court required to notify movant of intent to re-characterize motion as one to vacate, and provide an opportunity to

---

[1] A one year period of limitations applies to motions filed under 28 U.S.C. §2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2255 also provides that this Court may not consider a second or successive motion unless it has been certified by the United States Court of Appeals for the Fourth Circuit to contain:

> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

supplement or amend.)   Defendant will be given 30 days to inform the Court whether he wants to: (1) have the court consider the motion under 28 U.S.C. § 2255 or  (2) withdraw his request for a modification of sentence.

Petitioner was sentenced on April 11, 2005, to a total of 170 months incarceration after his guilty plea. *See* Paper No. 15, Criminal No. WDQ-04-510.  Petitioner did not file a direct appeal.  Petitioner's convictions became final in 2005.  When Petitioner filed this request on August 21, 2009,[2]  the one-year limitations period had already ended.[3] The one-year limitation period  may be extended when a petitioner shows "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time." *United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee*, 2339 F.3d 238, 246 (4th Cir. 2003) (en banc). The Court will give Byers 30 days to tell the Court whether he wants his letter treated as a Motion filed under 28 U.S.C.  § 2255 and if so, explain why he thinks the Motion is timely or why it was filed late.  Byers must do this within 30 days of the date of this Order or his case may be dismissed without further notice.

September 1, 2009                             _____/s/_____
Date                                                         William D. Quarles, Jr.
                                                                  United States District Judge

---

[2]   The §2255 motion is dated August 7, 2009.  For the purposes of assessing timeliness, the Court deems the petition filed on that date.  *See  Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F.Supp. 917, 919-920 (D. Md. 1998) (rejecting limitations defense due to applicability of mail-box rule to petition filed pursuant to 28 U.S.C. §2255).

[3]   Although the limitations period is an affirmative defense, a court may sua sponte dismiss a section 2255 petition as untimely.  *See Hill*, 277 F. 3d at 705; *see also Sosa*,  364 F.3d 510 n. 4 (4th Cir. 2004) (applying the holding in *Hill v Braxton* to motions under § 2255). The Court's sua sponte consideration of the limitations period is consistent with Rule 4(b) of the Federal Rules governing § 2255 cases, which provides that a court shall dismiss a motion if it plainly appears that the moving party is entitled to no relief, even in the absence of a responsive pleading from the government.